UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:

Leslie Howard Roberts, Jr.     Case No. 11-39825 LMI
Silvia Castro Roberts,         Chapter 7
      Debtors.
_____/

## DEBTORS' MOTION TO REOPEN BANKRUPTCY
## CASE TO ADD OMITTED CREDITOR

**NOTICE**

**Any interested party who fails to file and serve a written response to this motion within 20 calendar days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

**COME NOW THE DEBTORS, LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS,** by and through the undersigned attorney and pursuant to Sections 350(b) and 727(b) of the United States Bankruptcy Code and Bankruptcy Rule 5010 and respectfully move this Court for entry of an order reopening the above styled case in order to add an omitted creditor. In support thereof, the Debtors state the following:

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §1334.

2. The Debtors filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code on October 27, 2011.

3. This Court entered a Discharge of the Debtors and a Final Decree on June 6, 2012, and the case was closed.

4. On June 19, 2012, Edmundo Gugliotta, hereafter referred to as the Creditor, filed a Complaint for Money Damages arising from the sale of what he alleges to be forged artwork.

5. The Creditor included the Debtors as co-defendants in the Complaint.

6. The Complaint for Money Damages alleges a Count for Breach of Contract and a Count for Breach of Implied Warrant of Fitness and Merchantability.  Other counts were also alleged but were dismissed by the Circuit Court Judge.

7. The Creditor's Cause of Action accrued between May 15, 2010 and August 2011.  However, the Debtors were not cognizant of the Creditor's contingent claim when they filed their bankruptcy petition and therefore did not include the Creditor in their Schedules or in their Statement of Financial Affairs.

8. The Debtors wish to reopen their bankruptcy case in order to amend the schedules and to file an adversary proceeding to determine whether the debt is dischargeable under 11 U.S.C. 523(a).

**WHEREFORE, DEBTORS, LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS** respectfully request that this Honorable Court grant the foregoing motion and enter an order reopening the Debtors' bankruptcy case.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of this Motion was delivered by United States Mail to Edmundo Gugliotta, c/o Dirk Lorenzen, Esq., 150 Alhambra Circle, Suite 1220, Coral Gables, Florida 33134 on December 21, 2012 and to Drew M. Dillworth, Trustee, ddillworth@swmwascom via the CM/ECF delivery system.

Submitted by: /s/ *Mark S. Steinberg*
　　　　　　　Signature
　　　　　　　Mark S. Steinberg, Esq.
　　　　　　　Florida Bar No. 883913
　　　　　　　Attorney for Debtors
　　　　　　　9400 South Dadeland Boulevard
　　　　　　　Penthouse Five
　　　　　　　Miami, Florida 33156
　　　　　　　Telephone: (305) 671-0015

# PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In Re:**

Leslie Howard Roberts, Jr.　　　　　　　　Case No. 11-39825 LMI
Silvia Castro Roberts,　　　　　　　　　　Chapter 7
　　　　Debtors.
_____/

## ORDER GRANTING DEBTORS' MOTION TO REOPEN BANKRUPTCY CASE TO ADD OMITTED CREDITOR

**THIS CAUSE** having come before the court upon the Debtors' Motion to Reopen Case pursuant to 11 U.S.C. §350, Bankruptcy Rule 5010, and Local Rule 5010-1(B) and the Court having considered the motion and having determined that good cause has been shown, and being otherwise fully advised in the premises, it is

**ORDERED:**

1.　　This case is reopened. No filing fee is required to be paid to the clerk unless the Debtors fail to file the required adversary complaint as required under paragraph 4 of this order.  No trustee shall be appointed.

2.　　Within 14 days from the entry of this order, the Debtors shall amend the schedules and pay the applicable amendment fee to add the name and address of the creditor previously omitted from the original schedules.  A supplemental matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" must accompany the amended schedules.

3.      The Debtors are directed to furnish a complete and correct copy of this order to all affected parties, including the added creditor and a copy of the clerk's notice of meeting of creditors must also be served on the creditor as required under Local Rule 1009-1(D).  A certificate of service must be filed as required under Local Rule 2002-1(F).

4.      Within 14 days from the entry of this order, the Debtors shall file an adversary proceeding to determine whether the debt subject to such amendment is or is not dischargeable under 11 U.S.C. §523(a).

5.      Upon the filing of the adversary case by the Debtors, or upon the Debtors' failure to comply with this order, the case will be reclosed by the clerk's office.

####

Submitted by:

Mark S. Steinberg, Esq.
9400 South Dadeland Blvd.
Penthouse Five
Miami, Florida 33156


Attorney Mark S. Steinberg is directed to serve a conformed copy of this Order on the party listed below and to file a certificate of service.

Dirk Lorenzen, Esq.
150 Alhambra Circle
Suite 1220
Coral Gables, Florida 33134