UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

IN RE:

LESLIE HOWARD ROBERTS, JR.      CASE NO.: 11-39825 LMI
SILVIA CASTRO ROBERTS,     CHAPTER 7
    DEBTORS.
_____ /

## OBJECTION TO DEBTOR'S MOTION TO REOPEN
### (filed by defrauded victim and plaintiff in pending circuit court case, Edmundo Gugliotta)

Edmundo Gugliotta objects to the Debtors motion to reopen and states:

**Background to the claim set forth in pending circuit court litigation.**

1. The Federal Bureau of Investigation, acting through its agents including special agent Robert Giczy, met with Edmundo Gugliotta on April 27 2012 to inspect artwork that he purchased from the debtors as part of a criminal investigation.

2. On May 2, 2012 Agent Robert Giczy confirmed that 10 large canvases and several smaller mixed media pieces that were purchased by Mr. Gugliotta from the debtors were forgeries and that Mr. Gugliotta was the victim of fraud by the debtors.

3. Mr. Gugliotta was told that he could not sell, move or otherwise dispose of the forged art and that they intended to seize the art as evidence in their ongoing criminal investigation of the debtors.

4. When Mr. Gugliotta purchased the art from the debtors they assured him it was genuine.

5. Both co-debtors were actively involved in the sale of the art to Mr. Gugliotta.

6. The debtors pointed out that the canvases came with certificates of authenticity thereby assuring him that the art was genuine original Peter Max art. The certificates of authenticity were, themselves, forged.

7. The forged certificate of authenticity was on the same paper stock as the invoice provided by the debtors in connection with the sale to Mr. Gugliotta of the forged art, leading to the very clear conclusion that the forgery was committed by the debtors.

8. **These co-debtors have done this before! They were both sued in Federal court for selling forged Britto artwork, case number 10-20579-CIV-Seitz, -and they were permanently enjoined from selling forged Britto art.** Apparently, they figured they could simply transfer their criminal practices from forging and selling the forged art of one commercially successful pop artist to another.

## The State Court Can determine whether the debt is dischargeable.

9. 28 USC 1334(b), establishes the general proposition that state and Federal courts have concurrent subject matter jurisdiction over civil proceedings that arise under, arise in, or are related to a bankruptcy case." In re Franklin, 179 B.R. 913, 919 (Bankr. E.D. Cal. 1995) (quoted in In re Toussaint, 259 B.R. 96, 100 (Bankr. E.D.N.C. 2000)).

10. It is generally acknowledged that dischargeability actions constitute proceedings that "arise under" a bankruptcy case within the meaning of §1334(b), and that bankruptcy courts, therefore, share concurrent jurisdiction with state courts over certain dischargeability actions. In re Franklin, 179 B.R. at 919-20; In re Toussaint, 259 B.R. at 101. "[T]he general rule, subject to certain exceptions, is that state courts have concurrent jurisdiction with federal courts with respect to §523 dischargeability actions." In re Merritt, 2001 WL 1699697, at 3 (Bankr. M.D.N.C.).

11. The general rule of shared or concurrent jurisdiction applies specifically to actions to determine the dischargeability of unscheduled debts under §523(a)(3) of the Bankruptcy Code. In re Everly, 346 B.R. 791, 796 (8th Cir. BAP 2006); In re Candidus, 327 B.R. 112, 116-17 (Bankr. E.D.N.Y. 2005); In re Toussaint, 259 B.R. 96, 100 (Bankr. E.D.N.C. 2000)

("[B]ankruptcy courts and state courts generally have concurrent jurisdiction for deciding dischargeability issues arising from a debtor's failure to list a creditor.")

### It would be wasteful to have to try the fraud issues twice.

12. The issue as to whether the claim for damages set forth in Mr. Gugliotta' complaint is subject to discharge in bankruptcy will turn, in part, on whether the debtors are guilty of fraud. Any adversary proceeding to determine whether the claim by Mr. Gugliotta is subject to discharge would, necessarily involve trying the underlying fraud claim. If, as Mr. Gugliotta submits must be the case, it is determined that the claim is not dischargeable because it stems from fraud perpetrated by the debtors, then the issue would need to be re-tried in circuit court in order to determine the damages sustained. This process would be wasteful of judicial resources.

### Reopening the bankruptcy to schedule the debt is pointless.

13. In the words of the Court in *Madaj*, 149 F.3d 467, 469 (6th Cir. 1998):

> [W]hen an otherwise dischargeable debt is omitted from the schedule in a Chapter 7 no-asset case and the debtor receives a discharge, what is the effect of reopening the case to permit the debtor to schedule the omitted debt?
> The answer is "there is no effect." The reason that the reopening has no effect is clear. A debtor cannot change the nature of the debt by failing to list it in his petition and schedules. Section 523(a)(3)(A) excepts from discharge only those debts as to which a timely proof of

claim cannot be filed because the debts were not listed *and* the creditor had neither notice nor actual knowledge of the bankruptcy in time to file a timely proof of claim. In a no-asset Chapter 7 case, there is no date by which a proof of claim must be filed in order to be "timely." Whenever the creditor receives notice or acquires actual knowledge of the bankruptcy, he may file a proof of claim, that claim will be timely, and the fact that the debts were not listed becomes irrelevant. Section 523(a)(3)(A) simply provides no basis for excepting an unlisted debt from discharge if the creditor has actual knowledge such that he can file a proof of claim. And once the §727 order of discharge is entered, all of the debtor's prepetition debts are either discharged or they are not discharged; nothing the debtor does after the entry of the order of discharge can change the character of those debts. *Madaj*, 149 F.3d at 472.

Re-opening a closed no-asset case to add a creditor has no effect on whether the omitted debt is discharged. *See Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1434 (9th Cir. 1993) (*per curiam*); *American Standard Ins. Co. v. Bakehorn*, 147 B.R. 480, 483-84 (N.D. Ind. 1992).

### Debtors failed to act with reasonable diligence.

14. The debtors have known of this claim since May 2, 2012, more than one month before his June 6, 2012 discharge and final decree. **In fact on May 25, 2012 -- 12 days before the discharge -- they purported to refund $60,379.00 to Mr. Gugliotta through American Express.** (See Exhibit "A"). Sadly this was another fraud designed to delay the commencement of the civil suit that Mr. Gugliotta was threatening.

### The instant "reopen gambit" is simply another stall tactic.

15. The debtors are under a court order to produce documents and otherwise respond to discovery by December 30, 2012. They were previously ordered to produce these documents months earlier, and sought a rehearing. Still wishing to delay, they have moved for an enlargement of time to produce the responsive documents. It appears clear that they hope by reopening the bankruptcy they can delay discovery into their criminal enterprise and avoid paying the price for their willful conduct. This Court should not allow itself to be used for such games.

16. It appears rather clear that the debtors are going to assert the Fifth Amendment right to refuse to testify in response to any pertinent questions. From this assertion an adverse inference may be taken that will carry through to the issue of dischargability. So, in the end, this will all just be a wasted effort.

WHEREFORE, the motion to reopen should be denied and this matter should proceed in the Florida Circuit Court.

Respectfully Submitted,

By _____
Dirk Lorenzen, Esq.
Florida Bar No. 821276

150 Alhambra Circle, Suite 1220
Coral Gables, Florida 33134
dirk@lorenzenlaw.com
natasha@lorenzenlaw.com
(305) 447-1203
(305) 447-1272 (facsimile)

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

/s/ Dirk Lorenzen, Esq.

Certificate of Service

I certify that a copy of this document has been furnished by email and US Mail to **Mark S. Steinberg, Esq., 9400 South Dadeland Boulevard, Penthouse Five, Miami, Florida 33156, mss25@juno.com,** on this, on this 2nd day of January, 2012.

/s/ Dirk Lorenzen, Esq.

# EXHIBIT A

```
            MAX IN THE GROVE
            2994 MCFARLAND RD
          COCONUT GRVE, FL 33133
               786-313-3322
             5436845555781268

Merchant ID: 6800

                                      Ref #: 0001

              Refund Phone


XXXXXXXXXXXX2001
AMEX                    Entry Method: Manual

Total:                  $        60,379.00

                                 19:15:17


                        Batch#: 000088



                       Copy

                       YOU
```