UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**In Re:**

**Leslie Howard Roberts, Jr.**          Case No. 11-39825 LMI
**Silvia Castro Roberts,**                Chapter 7
        **Debtors.**
_____/

**Leslie Howard Roberts, Jr.**          Adv. Case No. _____
**Silvia Castro Roberts,**
        **Plaintiffs,**

vs.

**Ryan Mack d/b/a**
**Griffin Galleries,**
        **Defendant.**
_____/

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILTY OF DEBT**

**COME NOW THE PLAINTIFFS, LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS,** by and through the undersigned attorney, and file this Complaint to Determine Dischargeability of Debt under 11 U.S.C. Section 523 against Defendant Ryan Mack d/b/a Griffin Galleries, and allege:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. 1334, 28 U.S.C. 157(b)(2)(I) and 11 U.S.C. Section 523 because this is a proceeding to determine the dischargeability of a specific debt.

2.    Venue is properly with this Court pursuant to 28 U.S.C. 1409(a).

**Parties**

3.    Debtors Leslie Howard Roberts, Jr. and Silvia Castro Roberts, hereafter referred to as Debtors, are residents of the State of Florida and are subject to the jurisdiction of this Court

because they filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code on October 27, 2011.

4. Defendant Ryan Mack d/b/a Griffin Galleries, hereafter referred to as Defendant, is a resident of the State of Minnesota.

5. Defendant may be served pursuant to Bankruptcy Rule 7004(b)(1) by mailing a copy of the Summons and Complaint to 5222 West 78th Street, Edina, Minnesota 55435.

## Basis of the Debt

6. Unbeknownst to Debtors when they filed their bankruptcy petition, Defendant held a disputed, contingent, unsecured claim against Debtors for art that Defendant purchased from Debtors in May 2009 and later claimed were forgeries.

7. On January 24, 2013, Defendant filed a Complaint arising from the sale of the purportedly forged artwork and named Debtors as co-defendants.  The Complaint was filed in the United States District Court for the District of Minnesota and bears the case number 13-cv-00197-SRN-JJG.

8. The Complaint set forth five separate counts: Count I for RICO Violation, Count II for RICO Conspiracy, Count III for Unjust Enrichment, Count IV for Intentional Misrepresentation, and Count V for Negligence.

## Basis to Subject the Claim to Discharge

9. Defendant's purported cause of action accrued in May 2009 which was a time prior to the filing of Debtors' bankruptcy petition.

10. Contrary to the allegations set forth in Defendant's civil complaint, at no time did Debtors form or participate in a criminal enterprise nor did Debtors conduct or participate in racketeering or other criminal activity.

11. Contrary to the allegations set forth in Defendant's civil complaint, at no time did Debtors form or participate in a conspiracy to commit a criminal activity.

12. Contrary to the allegations set forth in Defendant's civil complaint, Debtors were not unjustly enriched by virtue of their business dealing with Defendant.

13. Contrary to the allegations set forth in Defendant's civil complaint, at no time did Debtors create forged materials or knowingly submit forged materials to Defendant.

14. Contrary to the allegations set forth in Defendant's civil complaint, at no time did Debtors act in a negligent manner toward Defendant.

15. Any claim that may entitle Defendant to an award of damages resulting from his business transaction with Debtors would be an unsecured, nonpriority claim.

16. Any claim that may entitle Defendant to an award of damages resulting from his business transaction with Debtors would be a claim that is subject to discharge.

**WHEREFORE, PLAINTIFFS LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS** respectfully request that this Honorable Court enter an order adjudicating that:

(a) the obligation of Debtors to pay any damages to Defendant was and is a dischargeable debt pursuant to 11 U.S.C. 727;

(b) the underlying bankruptcy action was a no asset case;

(c) as a no asset case, the Clerk of the Court was not obliged to issue a notice to creditors to submit a proof of claim and in fact it did not do so;

(d) as a result of the Clerk of the Court not having issued notice to creditors to submit a proof of claim, Defendant was not prejudiced by the failure of Debtors to schedule the contingent disputed claim of Defendant in their filing;

(e) Defendant herein has not been deprived of its right to assert a claim against Debtors in the underlying bankruptcy action because there were no assets administered as part of the bankruptcy estate; and

(f) as a result, by operation of law, the claim of Defendant was in fact discharged on June 6, 2012 when the discharge was entered, notwithstanding that Defendant and its claim had not been listed in the schedules filed by Debtors in the underlying bankruptcy action.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2013, a copy of the foregoing was delivered by CM/ECF delivery to Drew M. Dillworth, Trustee, ddillworth@swmwas.com, and in accordance with F.R.B.P. 7004(b)(1) to Defendant Ryan Mack, 5222 West 78th Street, Edina, Minnesota 55435 and to Michael W. Lowden, Esq., 5101 Thimsen Avenue, Suite 204, Minnetonka, Minnesota 55345.

Submitted by: /s/ *Mark S. Steinberg*
                          Signature
Mark S. Steinberg, Esq.
Florida Bar No. 883913
Attorney for Debtors
9400 South Dadeland Boulevard
Penthouse Five
Miami, Florida 33156
Telephone: (305) 671-0015
Primary email: mss@steinberglawoffices.com
Secondary email: mss25@juno.com